IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GABRIEL RUIZ, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) Case No. 20-cv-6197 |
| vs. | ) ) |
| CAPITAL FITNESS-SOUTH LOOP, LLC and CAPITAL FITNESS, INC. dba XSPORT FITNESS, | ) ) ) Jury Demanded |
| Defendants. | ) ) |

**CLASS ACTION COMPLAINT**

Plaintiff Gabriel Ruiz, on behalf of himself and a putative class, brings this Class Action Complaint against Defendants Capital Fitness-South Loop, LLC and Capital Fitness, Inc., doing business as XSport Fitness, for their violations of the Illinois Biometric Privacy Act, and alleges the following:

**NATURE OF THE ACTION**

1. When employees are hired at Capital Fitness, Inc. dba XSport Fitness and its regional locations ("XSport Fitness") they have their fingerprints scanned into a biometric time clock.

2. Each day the employees press their finger into the time clock to "punch" in and out, so that XSport Fitness may record its employees' arrival, departure, and break times.

3. The use of biometric time clocks in the workplace entails serious risks. Unlike key fobs, identification cards, or identification codes or pins —which can be changed or replaced if stolen or compromised— fingerprints are permanent, unique biometric identifiers associated

with the employee forever. Whereas other security measures that may be misplaced or stolen can be deactivated. Keeping employees' biometric identifiers on file exposes them to serious privacy risks like identity theft and unauthorized tracking.

4. Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA") to regulate private entities that collect and store biometric identifiers, such as fingerprints.

5. XSport Fitness violated its employees' privacy rights by unlawfully collecting, storing, and/or using their biometric data and information not in accordance with BIPA.

## PARTIES

6. Plaintiff Gabriel Ruiz is a natural person and resident of this district, and a former employee of Defendant Capital Fitness-South Loop, LLC.

7. Defendant Capital Fitness-South Loop, LLC, a subsidiary to Capital Fitness, Inc., with assumed name XSport Fitness, is an Illinois limited liability company, with its principal office and agent located at 47W210 US Hwy 30, Big Rock, Illinois 60511. It is a citizen of the State of Illinois.

8. Defendant Capital Fitness, Inc., dba XSport Fitness, manager to Capital Fitness-South Loop, LLC and other locations, is an Illinois corporation, with its registered agent located at Illinois company, with its principal office and agent located at 47W210 US Hwy 30, Big Rock, Illinois 60511. It is a citizen of the State of Illinois.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), because the parties and putative class members are minimally diverse and the aggregate amount in controversy is greater than $5,000,000.

10. Plaintiff is aware of at least one other class member that is no longer a citizen of Illinois.

11. This Court has personal jurisdiction over Defendants because they conduct a substantial amount of business here and committed a tortuous act in Illinois, which forms the basis of Plaintiff's claims.

12. Venue is proper here under 28 U.S.C. § 1391(b)(2) because a substantial amount of the acts and omissions giving rise to the claims occurred in Illinois.

## PLAINTIFF'S FACTUAL ALLEGATIONS

13. Plaintiff was employed at Capital Fitness-South Loop as a Personal Trainer from November 2013 to June 2018.

14. At the start of his employment, and regularly thereafter, his fingerprint was scanned and saved for the purpose of tracking his work hours.

15. Capital Fitness-South Loop stored Plaintiff's and its other employees' fingerprint data in its computer system.

16. When Plaintiff and other employees at Capital Fitness-South Loop began and ended their workdays, and when they took breaks, they were required to press their finger into Capital Fitness-South Loop's fingerprint scanner time clock to register their arrival or departure.

17. More than ten years ago, the Illinois Legislature recognized the promises and perils of biometric identification technology. It passed the Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*, to establish and safeguard Illinois' residents absolute right to control their biometric data.

18. Under the act, a fingerprint is a biometric identifier. *Id.* at § 14/10.

19. Defendants' practice is to scan the fingerprints of their numerous employees for future use.

20. Plaintiff also participated in the Personal Training Experience ("PTX"), a branded personal training experience where members and some employees received personal training and were required to press their finger into Capital Fitness' fingerprint scanner to check in for training and to track results.

21. Biometric information is any information derived from a biometric identifier, regardless of how it is captured, stored, or shared. *Id.*

22. Plaintiff's and Class members' fingerprints were stored and are later used to identify them.

23. Under the act, a private entity in possession of either biometric identifiers or information must develop a written policy, available to the public, establishing a retention schedule and guidelines for permanently destroying the information or identifiers. *Id.* § 14/15(a).

24. Defendants did not provide any policy establishing either a retention schedule or guidelines for permanently destroying the biometric data during Plaintiff's employment or his use of PTX. Neither Plaintiff nor any member of the Class were informed of any policy at that time.

25. Under the act, a private entity is prohibited from collecting, capturing, or otherwise obtaining a person's biometric information or identifier unless it first: a) informs the subject in writing that the information or identifier is being collected or stored; b) informs the subject in writing of the specific purpose and length of term for which the information or identifier is being collected, stored, or used; and, c) receives a written release from the subject of the information or identifier. *Id.* at § 14/15(b).

4

26. During Plaintiff's employment or use of PTX, neither himself nor any class member were informed in writing of any of the information required under § 14/15(b). Neither the Plaintiff nor any class member executed a written release to Defendants regarding their biometric information.

27. In the past five years, XSport Fitness has employed hundreds of employees in its Capital Fitness-South Loop location and twenty-nine other Illinois locations, some of whom have since moved on from their positions and the state, yet Defendants still presumably held their biometric data for some period of time after employment.

28. Moreover, hundreds of PTX users, including members and employees, have used the personal training check-in system at XSport Fitness' locations in Illinois, some of whom have moved on from XSport and moved to other states, yet Defendant presumably still holds their biometric data.

## CLASS ALLEGATIONS

29. Gabriel Ruiz brings this action on behalf of himself and under Fed. R. Civ. P. 23, on behalf of two classes defined as:

**Employment Class**

> All persons in the United States who are or were employed by any Capital Fitness/Xsports location in Illinois, and whose fingerprint was collected, captured or otherwise obtained by the store, at any time from five years before the date of Plaintiff's original complaint to the date the class is certified.

**PTX Class**

> All persons in the United States who, as employees or members, have used the PTX system, at any Capital Fitness/Xsports location in Illinois and whose fingerprint was collected, captured or otherwise obtained by the store, at any time from five years before the date of Plaintiff's original complaint to the date the class is certified.

5

Plaintiff reserves the right to amend or modify the Class definitions as necessary following discovery.

30. On information and belief, the Classes are so numerous that joinder is impracticable. While the exact number is unknown, Plaintiff believes that Defendants have saved hundreds of fingerprint scans of their various employees and PTX users without written releases.

31. Common questions of law and fact exist and predominate over individual questions and include:

    a. Whether Defendants collected, captured, or otherwise obtained the Class members' biometric identifiers;

    b. Whether Defendants informed Class members in writing of the specific purpose for collecting, using, and storing their biometric identifiers;

    c. Whether any of the members consented, via a written release, to their biometric identifier being used and stored by Defendants;

    d. Whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers;

    e. Whether an individual's unique biometric identifier, such as a fingerprint, is intangible personal property or whether they have property right in such identifiers and information;

    f. Whether Defendants owe a duty to Class members, whether that duty was breached, and whether it resulted in harm to the Class members;

    g. The extent of any damages incurred by Class members as a result of Defendants' actions.

32. Plaintiff's claims are also typical and co-extensive with the claims of each Class because the members of the Classes have all suffered the same injuries as a result of identical conduct by Defendant.

33. Plaintiff will fairly and adequately protect the interests of the proposed Classes and he has retained counsel with experience in consumer law, Illinois law, and federal class actions.

34. A class action is superior to other methods of adjudication. This Class action seeks injunctive relief applicable to the Classes as a whole; due to the complexity of the claims, individual actions are not likely to be economically feasible; based on the possibility of very large Class sizes, individual litigation would be a burden on the courts and result in delay and inconsistent results.

### COUNT I – VIOLATION OF THE BIOMETRIC INFORMATION PRIVACY ACT

35. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

36. Defendants violated BIPA 740 ILCS § 14/15(a) by failing to develop and maintain a publicly available retention and destruction schedule.

37. Defendants violated BIPA 740 ILCS § 14/15(b) by obtaining biometric identifiers without making the required disclosures and receiving a written release from each Class member.

38. Defendants violated BIPA 740 ILCS § 14/15(d) by disclosing, re-disclosing, or disseminating Plaintiff's and the Class members' biometric information.

39. Defendants violated BIPA 740 ILCS § 14/15(e) by failing to store, transmit, and protect the fingerprint database with the requisite level of care.

40. Defendants used Plaintiff's and the Class members' fingerprints to identify them, and thus that fingerprint data is "biometric information" under BIPA. *See* 740 ILCS § 14/10.

41. Defendants' violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gabriel Ruiz, on behalf of himself and two Classes, respectfully requests that the Court enter an Order:

A. Certifying this case as a class action on behalf of the two Classes defined above (or on behalf of such other class(es) the Court deems appropriate), appointing Plaintiff as representative of the Classes, and appointing his attorneys as class counsel;

B. Awarding Plaintiff a reasonable incentive award;

C. Awarding liquidated damages of $1,000 for each negligent violation, and $5,000 for each intentional or reckless violation, of BIPA that Defendants committed;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Classes, including an order requiring Defendants to destroy their biometric identifiers and information after termination of the employment relationship;

E. Awarding Plaintiff and the Classes their reasonable attorneys' fees and costs; and

F. Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted:
/s/ Michael W. Drew

Michael Drew
Neighborhood Legal LLC
20 N. Clark Street #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com

8

Michael Wood
Community Lawyers LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Tel (312) 757-1880
mwood@communitylawyersgroup.com
*Attorneys for Plaintiff*